# Supreme Court of Florida

_____

No. SC16-170

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.240.**

[April 21, 2016]

PER CURIAM.

We have for consideration amendments to Florida Rule of Judicial

Administration 2.240(b)(2)(B) (Determination of Need for Additional Judges;

District Courts of Appeal) proposed by the Commission on District Court of

Appeal Performance and Accountability (Commission).[1] We adopt the

amendments as proposed and allow for comments from interested persons

consistent with Florida Rule of Judicial Administration 2.140(g)(1).

## Background

As relevant here, Florida Rule of Judicial Administration 2.240 sets forth the

process by which this Court determines and certifies to the Legislature the need for

---

1. We have jurisdiction. See art. V, § 2(a), Fla. Const.

increasing or decreasing the number of judges on a district court of appeal. Subdivision (b)(2)(B) of the rule provides that this Court "will presume that there is a need for an additional appellate court judgeship in any district for which a request is made" by the chief judge of the district "and where the relative weight of cases disposed on the merits per judge would have exceeded 280 after application of the proposed additional judge(s)." Under subdivision (b)(2)(B)(i), "[t]he relative weight of cases disposed on the merits [is] determined based upon case disposition statistics supplied to the state courts administrator by the clerks of the district courts of appeal, multiplied by the relative case weights established pursuant to subdivision (b)(2)(B)(ii), and divided by 100." Under subdivision (b)(2)(B)(ii), the Commission reviews "the workload trends of the district courts of appeal and consider[s] adjustments in the relative case weights every four years." However, the rule currently does not provide a review process for the weighted case disposition threshold, which is the subject of the amendments proposed by the Commission.

The Commission proposes amendments to rule 2.240(b)(2)(B) consistent with the recommendations made in the Commission's June 2015 report to the Court entitled Review of the Weighted Case Disposition Threshold for District Court of Appeal Judges (Report), which were previously approved by the Court. The approved recommendations were (1) to revise the current weighted case

disposition threshold of 280 to 315, taking into account the increase in appellate court judges and current workload trends, and (2) for the Commission to pursue amending rule 2.240(b)(2)(B) to remove the specific threshold number of 280 and to provide for a four-year review cycle for the threshold, similar to that performed by the Commission for the relative case weights.  Report at 2, 8.  The Commission's proposed amendments to rule 2.240(b)(2)(B), which are now before the Court, have not been published for comment.

**Amendments**

Consistent with the Commission's second recommendation, we amend subdivision (b)(2)(B) of rule 2.240 to replace the current specific weighted case disposition threshold number of "280" with the words "the weighted case disposition threshold."  This amendment will allow for changes in the threshold number once the review cycles that will now be required under subdivision (b)(2)(B)(ii) are complete.  To provide for review of the weighted case disposition threshold number every four years, subdivision (b)(2)(B)(ii) of the rule is amended, as proposed, to add the language "and the weighted case disposition threshold" to the statement providing for a four-year review of the relative case weights by the Commission.  Finally, the following sentence is added at the end of the subdivision: "Any such recommended adjustment shall be subject to the approval of the Supreme Court."

In conclusion, the Court thanks the Commission for its review of and recommendations on the weighted case disposition threshold for district court of appeal judges, and for the Commission's continued review of the workload trends of our district courts of appeal.

Accordingly, we amend Florida Rule of Judicial Administration 2.240 as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before June 20, 2016, with a certificate of service verifying that a copy has been served on the Commission Chair, Vance E. Salter, Third District Court of Appeal, 2001 Southwest 117th Avenue, Miami, Florida 33175-1716, salterv@flcourts.org, and on OSCA staff to the Commission, James C. Goodlett, General Counsel's Office, Office of the State Courts Administrator, 500 South Duval Street, Tallahassee, FL 32399, goodletc@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Commission Chair has until July 11, 2016, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Judge Vance Edwin Salter, Chair, Commission on District Court of Appeal Performance and Accountability, Miami, Florida, and James Calvin Goodlett, Office of the General Counsel, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

---

documents must be submitted in Microsoft Word 97 or higher.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**RULE 2.240.     DETERMINATION OF NEED FOR ADDITIONAL JUDGES**

**(a)**     **[No Change]**

**(b)**     **Criteria.**

    **(1)**     **[No Change]**

    **(2)**     **District Courts of Appeal.**

        (A)     [No Change]

        (B)     The court will presume that there is a need for an additional appellate court judgeship in any district for which a request is made and where the relative weight of cases disposed on the merits per judge would have exceeded ~~280~~the weighted case disposition threshold after application of the proposed additional judge(s).

           (i)     The relative weight of cases disposed on the merits shall be determined based upon case disposition statistics supplied to the state courts administrator by the clerks of the district courts of appeal, multiplied by the relative case weights established pursuant to subdivision (b)(2)(B)(ii), and divided by 100.

           (ii)     The Commission on District Court of Appeal Performance and Accountability shall review the workload trends of the district courts of appeal and consider adjustments in the relative case weights and the weighted case disposition threshold every four years. Any such recommended adjustment shall be subject to the approval of the supreme court.

    **(c) – (d)**     **[No Change]**

**Court Commentary**

**[No Change]**